IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN HARDING,

    Appellant,	*

v.	*    Civil Action No. 8:22-cv-483-PX

REVERSE MORTGAGE SOLUTIONS, INC.	*

                       *
    Appellee.	*
                       ***

## MEMORANDUM ORDER

This bankruptcy matter is before the Court on Appellant John Harding's motion for immediate stay (ECF No. 7) and motion for extension of time to file his opening brief (ECF No. 5). Harding asks the Court to issue an order staying his eviction which is set for April 15, 2022, pending the outcome of his bankruptcy appeal. ECF No. 7. He also requests a continuance of the filing deadline for his appellate brief. ECF No. 5.

Since 2015, Harding has been actively fighting his eviction from the property located at 608 5th Avenue, in Brunswick, Maryland ("the Property"). Appellee Reverse Mortgage Solutions, Inc. ("Reverse Mortgage") purchased the Property at a foreclosure sale on May 10, 2017, and the sale was ratified on August 10, 2017. *In re Harding*, Case No. 21-br-16294 (Bankr. D. Md. Oct. 5, 2021), ECF Nos. 48-4, 48-5. Since the ratification, Harding has filed several voluntary Chapter 13 Petitions. The first, filed on February 21, 2019, was dismissed on April 10, 2019, because Harding failed to participate in the action. *In re Harding*, Case No. 19-br-12126 (Bankr. D. Md. Feb. 21, 2019), ECF Nos. 1, 40. A few weeks later, Harding filed a second Chapter 13 Petition which was closed on May 17, 2021. *In re Harding*, Case No. 19-br-16110 (Bankr. D. Md. May 5, 2019).

Harding filed a third Chapter 13 Action on October 5, 2021, that was again dismissed for failure to participate.  *See In re Harding*, 21-br-16294 (Bankr. D. Md. Oct. 5, 2021); *see also* ECF Nos. 1-1; 47.  The same day, Reverse Mortgage filed a motion for relief from the automatic stay and for in rem equitable servitude.  *In re Harding*, 21-br-16294, at ECF No. 48.  The purpose of the motion was to remove the automatic stay as an impediment to the State foreclosure action and to prevent a future bankruptcy petition from delaying the same action for a period of 180 days.  *Id.*

While this motion was pending, on December 27, 2021, Harding filed another Chapter 13 Action that is the subject of this appeal.  *See In re Harding*, 21-br-17973 (Bankr. D. Md. Dec. 27, 2021).  The filing triggered another automatic stay applicable to the foreclosure action; however, because Harding had filed multiple Chapter 13 actions in the same year, the automatic stay, by law, expired within 30 days absent a motion to extend filed by the debtor.  11 U.S.C. § 362(c)(3).  Harding failed to file the motion for extension, and the automatic stay was lifted.  ECF No. 1-1 at 2; *see also* 11 U.S.C. § 362(c)(3).  Thereafter, on February 1, 2022, the bankruptcy court also granted the motion for in rem equitable servitude pending in 21-br-16294.  *In re Harding*, 21-br-16294*,* at ECF No. 52.

On February 7, 2022, Harding filed with the bankruptcy court an untimely motion to extend the automatic stay and to vacate the order imposing in rem equitable servitude in 21-br-16294.  *See In re Harding*, 21-br-17973, at ECF No. 17; *see also In re Harding*, 21-br-16294, at ECF No. 52.  The bankruptcy court denied the motion for extending the automatic stay as untimely pursuant to 11 U.S.C. § 362(c)(3) and denied the motion to vacate because it was not filed in the bankruptcy case in which the order issued.  ECF No. 1-1 at 2.  Accordingly, free from

any automatic stay, Reverse Mortgage Solutions continued to pursue the foreclosure action in state court.

On February 22, 2022, Harding noted his appeal of the bankruptcy court's denial of Harding's motion.  ECF No. 1.  He next supplemented his notice of appeal on February 24, 2022, and on March 8, 2022, he filed an amended notice of appeal.  ECF Nos. 2, 4.  On April 7, 2022, Harding moved for an extension of time to file his opening brief.  ECF No. 5.[1]

Meanwhile, the state foreclosure action continued.  *See Cohn v. Harding*, Case No.10-C-15-001994 (Cir. Ct. Frederick Cnty), Maryland Judiciary Case Search https://casesearch.courts.state.md.us/casesearch/ (under "Search By Case Number," select "Frederick County Circuit Court" and enter case number 10-C-15-001994 (last visited Apr. 11, 2022) ("Foreclosure Action").  A writ of possession was issued on April 7, 2022, and Harding is scheduled to be evicted on April 15, 2022.  *Id.*; ECF No. 7 at 1.

On April 8, 2022, Harding asked this Court to issue an immediate stay of his eviction related to the state foreclosure action.  *Id.*   As grounds, Harding maintains that State court issued the writ of possession without a hearing.  *Id.*   Thus, he asks this Court to enjoin the parties in the foreclosure action from acting on that writ of possession.  This the Court cannot do.

Under the Anti-Injunction Act, this Court may not grant "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283; *see also Henry v. Aurora Loan Servs.*, No. TDC-14-1344, 2016 WL 1248672, at *3 (D. Md. Mar. 25, 2016); *Tucker v. Specialized Loan Servs., LLC*, 83 F. Supp. 3d 635, 641 (D. Md.

---

[1] Appellant also filed a separate complaint against Reverse Mortgage Solutions, PHH Mortgage, Ocwen Financial, and Glen A. Messina, alleging violations of due process and equal protection under the United States Constitution.  *Harding v. Reverse Mortgage Solutions et al.*, Case No. 22-cv-721-PX (D. Md. Mar. 24, 2022)., ECF No. 2.

2015).  None of these exceptions apply here.  Accordingly, the Court cannot grant the requested injunctive relief.

Additionally, this Court believes it is without jurisdiction to interfere in the State *in rem* action.  Under the exclusive jurisdiction doctrine, the proposed equitable relief is unavailable as to property that is already the subject of an ongoing in rem action in another court, because the State court retains exclusive jurisdiction over the property.  *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending); *see also Parker v. Investire, LLC*, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016).  Thus, this Court lacks jurisdiction to proceed.  *Tucker*, 83 F. Supp. 3d at 642 (citing *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011)).  The motion for injunctive relief (ECF No. 7) must be DENIED.

The Court next turns to Harding's request for extension of time to file an opening brief.  ECF No. 5.  Harding cites health reasons necessitating the extension, and the Court is mindful of this.  However, Harding has yet to designate the relevant appellate record pursuant to Bankruptcy Rule 8009(a)(1)(A).  Fed R. Bank. P. 8009(a)(1)(A) (appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues presented.").  This requirement is mandatory and must be met before the appeal can continue.  Harding is forewarned that failure to designate the record and include a statement of the issues presented by the date ordered below may result in the dismissal of his appeal.  *See* D. Md. Loc. R. 404.2.

Accordingly, on this 12th day of April 2022, by the United States District Court for the District of Maryland, it is ORDERED that:

1. The motion for immediate stay of eviction (ECF No. 7) by Appellant John Harding is DENIED with prejudice;

2. The motion for extension of time to file opening brief (ECF No. 5) by Appellant John Harding is DENIED without prejudice;

3. Appellant John Harding SHALL FILE his designation of the record with the bankruptcy clerk and serve it on Appellee Reverse Mortgage Solutions, Inc. **by no later than May 2, 2022** or risk dismissal of the appeal;

4. Appellant John Harding's opening brief shall be due **June 2, 2022;**

5. The Clerk is directed to MAIL a copy of the foregoing Memorandum Order to Appellant and TRANSMIT a copy to counsel for Appellee.

| | |
|---|---|
| _4/12/2022_ | _/s/_ |
| Date | Paula Xinis |
| | United States District Judge |